NATIONAL SLAG CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41596.   Promulgated July 9, 1929.

*Andrew S. Wilson, C. P. A.*, for the petitioner.
*Harry LeRoy Jones, Esq.*, for the respondent.

## OPINION.

LITTLETON: The Quakertown & Bethlehem Railroad Co., with which this petitioner was affiliated during the whole of 1924, suffered losses for 1922, 1923, and 1924, in the respective amounts of $14,819.16, $24,831.96, and $20,895.93. This petitioner realized a net income for 1924 of $76,475.90. The Commissioner determined the consolidated net income for 1924 to be $55,579.97, which is the difference between the net income of the petitioner and the loss of the Quakertown & Bethlehem Railroad Co. for that year. The petitioner contends that under the provisions of section 206 of the Revenue Act of 1924, the loss of the Quakertown & Bethlehem Railroad Co. for 1924 should be increased by the losses of 1922 and 1923, making a net loss for that company for 1924 of $60,547.05, which, when offset against the petitioner's net income of $76,475.90, results in a consolidated net income of but $15,928.85.

The parties, in their briefs, have regarded and treated the losses of the Quakertown & Bethlehem Railroad Co. for 1922 and 1923 as actual net losses within the meaning of subdivision (a) of section 206 of the Revenue Act of 1924, and, no question having been other-

wise raised in that respect, we assume that such losses are in fact statutory net losses.

The question presented in this proceeding has heretofore received our careful consideration in *Alabama By-Products Corporation et al.*, 16 B. T. A. 1073. In that case, we stated as follows:

We do not believe that it was the intention of Congress to deprive any taxpayer of the benefits afforded by section 204 [Revenue Act of 1918] by the statutory provision relating to consolidated returns. In our opinion there is nothing contained in the statute, either in express terms or by necessary implication, which would deprive a corporation of the benefit of the net loss provision of the statute merely because it was affiliated with another corporation.

Since, under the statute, each member of an affiliated group is a "taxpayer" and the relief granted by section 204 is given to "any taxpayer," it is our opinion that an affiliated corporation which suffered a net loss in 1919, prior to the beginning of the period of affiliation, and which net loss exceeded the amount of its net income for 1918, is entitled to deduct the excess of such net loss from its individual net income for 1920, and to that extent the consolidated net income is thus reduced.

However, if the corporation which sustained the net loss in 1919 has no individual net income for 1920, the excess of such net loss over its 1918 net income may not be taken as a deduction, for the reason that such taxpayer has no income from which it can be deducted, and a net loss sustained by one taxpayer may not be deducted from the net income of another taxpayer or group of taxpayers, even though it be an affiliated corporation and included in a consolidated return with another or other corporations.

While the decision in the quoted case involved an interpretation of the net loss provisions of a prior act, in our opinion, the conclusions reached in that case are equally applicable to this case, which is governed by the Revenue Act of 1924. (Subdivisions (b), (e) and (f), section 206.) As between the two Acts, there is no substantive difference which would require different conclusions upon practically the same facts. In the case before us, the petitioner had no net income for 1924 from which it could deduct the losses of 1922 and 1923, and the losses of those years "may not be deducted from the net income of another taxpayer * * * even though it be an affiliated corporation and included in a consolidated return * * *."

It is at least interesting to know that our conclusion in this matter, that the net loss of one year may not be carried forward and treated in such a manner as to increase the net loss of another year, is in line with the intent of the legislature as reflected in the report of the Senate Finance Committee on the Revenue Act of 1924. In reporting upon the provisions of section 206 (b), the Committee stated as follows:

This subdivision corresponds to section 204 (b) of the existing law. It should be noticed that in the bill it is provided that the amount of the net loss shall be used as a deduction in computing net income for the succeeding taxable

years; it is not allowable, however, as a deduction in computing the net loss of the succeeding taxable year, since to do this would allow the benefits of the net loss to be taken not only in the two succeeding taxable years but for an indefinite time until it was absolutely wiped out.

It seems clear from the foregoing that Congress intended that the net loss of one year should be allowed as a deduction in computing the net income of the succeeding year, only to the extent that the net loss did not exceed the net income of the latter year, and that Congress did not intend such loss should be allowed as a deduction in the succeeding taxable year if there was no net income in that year from which to make the deduction, since to do so would serve only to increase the net loss of the latter year, resulting in an accumulation or pyramiding of losses until absolutely wiped out.

We find no error in the respondent's determination.

*Judgment will be entered for the respondent.*